IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| WILLIAM SEAN FRENCH, | § | |
| | § | |
| Plaintiff-Relator Below, | § | No. 205, 2017 |
| Appellant, | § | |
| | § | Court Below—Superior Court of |
| v. | § | the State of Delaware |
| | § | |
| RUTH'S HOSPITALITY GROUP, | § | C.A. No. N13C-06-289 |
| INC., | § | |
| | § | |
| Defendant Below, | § | |
| Appellee. | § | |

Submitted: May 19, 2017
Decided: May 23, 2017

Before **STRINE**, Chief Justice; **VALIHURA** and **SEITZ**, Justices.

# **O R D E R**

This 23rd day of May 2017, having considered the notice and supplemental notice of appeal from an interlocutory order under Supreme Court Rule 42, it appears to the Court that:

(1)   This appeal arises from a *qui tam* action the plaintiff-relator below-appellant, William French, filed against multiple defendants, including the defendant below-appellee, Ruth's Hospitality Group, Inc. ("RHGI"), in the Superior Court.  French asserted claims under the Delaware False Claims and Reporting Act ("DFCRA"), 6 *Del. C.* § 1201 *et seq.*, for violations of Delaware's Abandoned and Unclaimed Property Law, 12 *Del. C.* §§ 1101-1224.  In an opinion

and order dated April 21, 2017, the Superior Court granted the motions to dismiss, or, in the alternative, for summary judgment, filed by RHGI and two other defendants.[1] As to RHGI, the Superior Court held it had no subject matter jurisdiction due to RHGI's entry into Delaware's unclaimed property Voluntary Disclosure Program and the Administrative Proceedings Bar of the DFCRA.[2]

(2) On May 1, 2017, French filed an application for certification to take an interlocutory appeal of the Superior Court's decision in favor of RHGI.[3] RHGI opposed the application. By order dated May 18, 2017, the Superior Court denied the application after determining certification was not warranted under the principles and criteria of Rule 42(b).[4]

(3) Applications for interlocutory review are addressed to the sound discretion of the Court.[5] In the exercise of its discretion, this Court has concluded that the application for interlocutory review does not meet the strict standards for certification under Supreme Court Rule 42(b) and should be refused.

---

[1] *State ex rel. French v. Card Compliant, LLC*, 2017 WL 1483523 (Del. Apr. 21, 2017).
[2] *Id.* at *14.
[3] French expressly reserved his right to appeal the dismissal of the other two defendants after final judgment.
[4] *State ex rel. French v. Card Compliant, LLC*, 2017 WL 2189650 (Del. May 18, 2017).
[5] Supr. Ct. R. 42(d)(v).

NOW, THEREFORE, IT IS HEREBY ORDERED that the interlocutory appeal is REFUSED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice